L. F. EASON AND WIFE, ALMA EASON, v. W. E. BUFFALOE ET AL.

(Filed 26 March, 1930.)

**Deeds and Conveyances O g—In this case held: complaint stated cause of action on covenant not to convey without restriction in deed.**

Where, in an action against a grantor and a State institution purchasing land from him, the complaint alleges that the grantor sold the plaintiff lots in a development by deed containing a restrictive covenant against negro occupancy and covenanted that other lots in the development would be sold by deeds containing like restrictions, according to a registered map, and that the grantor sold the State institution lots in the development by deed not containing the restriction and that the institution was planning to erect a school for negroes thereon, and the plaintiff seeks to recover damages therefor from the grantor, and attaches funds in the hands of the State institution: *Held,* the recorded map of the tract is insufficient alone to show a general scheme for development, and in the absence of an admission by the institution, or a finding upon competent evidence that the lots purchased by it were included in a general scheme, it is not bound by the restriction, and the complaint states a cause of action against the grantor, and the demurrer thereto was properly overruled. As to whether the State institution is bound by the restriction is not presented on this appeal.

APPEAL by defendant, W. E. Buffaloe, from *Cowper, Special Judge,* at January Special Term, 1930, of WAKE. Affirmed.

This is an action to recover damages for breach of covenant with respect to the conveyance of certain lots owned by defendant, and

included in a parcel of land which had been divided by defendant into lots for development and sale under a general plan and scheme, by which all of said lots would be owned and occupied by white people.

Plaintiffs are the owners of three of said lots, the same having been sold and conveyed to them by defendant. The deed by which said lots were conveyed to plaintiffs contains a clause in words as follows:

"Covenant: All parties to this deed covenant to and with each other and themselves and their heirs and assigns, that the above described lands shall not be sold to nor occupied by negroes, and that this covenant runs with the land."

Plaintiffs allege in their complaint that prior to the sale and conveyance of said lots to them, defendant had divided the parcel of land which included said lots, and which was then owned by defendant, into lots for development and sale, under a general plan and scheme, by which all of said lots would be owned and occupied by white people; that at the time of said sale and conveyance, defendant covenanted with plaintiffs that all the remaining lots included in said parcel of land, when sold, would be conveyed by deeds containing covenants between the defendant as grantor, and the purchasers, as grantees, in words identical with the words of the covenant contained in the deed by which defendant conveyed the lots purchased by plaintiffs, to them; and that subsequent to said sale and conveyance to plaintiffs, defendant sold and conveyed to his codefendant, the State School for the Blind and Deaf, Inc., certain of said remaining lots by deed which does not contain a covenant that said lots shall not be sold to or occupied by negroes. The State School for the Blind and Deaf, Inc., has announced its purpose to erect and maintain on the lots sold and conveyed to it by defendant, a school for negroes.

Plaintiffs further allege that they have been damaged in the sum of $2,000 by defendants' breach of covenant with respect to the conveyance of said lots, and demand judgment that they recover of defendant the said sum of $2,000.

No cause of action is alleged in the complaint against the defendant, the State School for the Blind and Deaf, Inc. The said school was made a party defendant in this action, only for the purpose of attaching funds alleged to be in its hands for the satisfaction of the judgment in favor of plaintiffs and against the defendant, W. E. Buffaloe.

The defendant, W. E. Buffaloe, demurred to the complaint, for that the facts stated therein are not sufficient to constitute a cause of action against him.

From judgment overruling the demurrer and allowing defendant time to file an answer to the complaint, the defendant, W. E. Buffaloe, appealed to the Supreme Court.

STATE *v.* CRAWFORD.

*W. Brantley Womble for plaintiffs.*
*Chas. U. Harris for defendants.*

CONNOR, J. There is no error in the judgment overruling the demurrer to the complaint in this action. The only question presented for decision is whether or not the facts alleged in the complaint, admitted by the demurrer *(Yarborough v. Park Commission,* 196 N. C., 284, 145 S. E., 563), are sufficient to constitute a cause of action on which plaintiff is entitled to recover of the defendant, W. E. Buffaloe. This question was correctly decided in the Superior Court, and the judgment overruling the demurrer is affirmed.

The contention discussed in the brief for the defendant filed in this Court that notwithstanding the absence of the covenant in the deed from defendant to the State School for the Blind and the Deaf, Inc., upon the facts alleged in the complaint, the plaintiffs have sustained no damage, because the said school is bound by the restrictive covenant contained in the deeds to plaintiffs and to purchasers of other lots, is not presented by this appeal. There is no admission by the State School for the Blind and Deaf, Inc., that the lots conveyed to said school by the defendant were included in a general plan and scheme for the development of the parcel of land owned by the defendant, W. E. Buffaloe. In the absence of such an admission, or of a finding upon competent evidence of such fact, the said school holds title to the lots conveyed to it by defendant, free of any restrictive covenant. See *Stephens Co. v. Binder, ante,* 295. The map of the parcel of land, showing its division into lots, recorded in the office of the register of deeds of Wake County, is not sufficient alone to show a general plan and scheme for development and sale by deeds containing restrictive covenants. *Davis v. Robinson,* 189 N. C., 589, 127 S. E., 697.

Affirmed.